# Townsend *v.* Wilson, Appellant.

*Principal and surety—Contribution—Question of fact—Review.*

In an action by one surety against another to compel contribution where the defendant sets up as a defense that the plaintiff under an agreement with his cosureties had purchased at a foreclosure sale the property of the principal, and had subsequently realized enough thereon to pay the obligations, a verdict of the jury based on sufficient evidence which in effect decides that no such agreement existed, will not be reversed by the Supreme Court, especially where it appears that the defendant himself had been a competitive bidder of the plaintiff at the sale.

Argued Oct. 22, 1901. Appeal, No. 71, Oct. T., 1901, by defendant, from judgment of C. P. Washington Co., May T., 1900, No. 6, on verdict for plaintiff, in case of A. E. Townsend v. J. B. Wilson. Before McCollum, C J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit for contribution. Before Taylor, J.

The facts sufficiently appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,734.17. Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*T. F. Birch* and *David Sterrett*, with them *John W. Donnan*, for appellant.

*W. Mervin Craft* and *G. D. Hile,* with them *C. S. Horner* and *James I. Brownson,* for appellee.

PER CURIAM, November 8, 1901:

This is a suit by the appellee to compel contribution from the appellant, who had been cosurety with him on certain obligations given in connection with the management and operation of the Washington Electric Street Railway Company. These obligations have been paid by the appellee, but the appellant defends against the claim for contribution on the ground that when the franchises and property of the street railway company were sold in foreclosure proceedings, the appellee, through one, Vester, became the purchaser of them under an agreement that he was to hold them as trustee for himself and his cosureties, on the obligations, and that, as such trustee, he subsequently realized on the reorganization of the company sufficient to pay the obligations, to the relief of all the sureties.    Whether the appellee became the purchaser and trustee under such agreement was a pure question of fact, which has been determined by the jury against the appellant, and he cannot fairly complain of their finding, especially in view of his own conduct at the sale, where he was a competitive bidder of the purchaser, who, he now says, was buying the property in for his benefit under an agreement previously made for the protection of the sureties of the insolvent corporation.    The record discloses no error in the admission of evidence, and the jury, under a charge that was not only adequate, but most carefully worded, having found that the agreement relied upon by the appellant for relief had not been made, the judgment that he now pay his cosurety what the latter paid for him, is affirmed.